69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Phillip CORDOVA, Plaintiff--Appellant,
v.
Eloy MONDRAGON, Secretary of Corrections; Elmer Bustos,
Associate Warden, Defendants--Appellees.
 No. 94-2282.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing plaintiff's pro se civil rights complaint pursuant to 28 U.S.C.1915(d). Plaintiff appeals on the grounds that the district court erred in failing to find that he was denied meaningful legal access to the New Mexico courts and to adequate books and other legal materials. Plaintiff also makes claims with respect to an order of the district court which he alleges places unfair limitations on his ability to petition the courts. We AFFIRM the order of the district court dismissing plaintiff's complaint pursuant to 28 U.S.C.1915(d).
 
 
 3
 Plaintiff is incarcerated pursuant to a sentence imposed by the state of New Mexico. In September of 1992, plaintiff was transferred to Nevada under the provisions of the Interstate Corrections Compact, N.M.S.A. 31-1-17 (1984 Repl. Pamp.). We construe plaintiff's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 The only issues raised on appeal with respect to the named defendants in this action relate to claims that defendants Mondragon and Bustos conspired to retaliate against plaintiff for prior litigation. We agree with the district court that the allegations of the complaint and those raised on appeal are conclusory and contain no supporting factual allegations. Therefore, the pleadings and appellate filings do not contain sufficient specific facts that tend to show any kind of retaliation or conspiracy to retaliate by these defendants. Plaintiff has therefore failed to plead sufficient facts to support the claims against these defendants related to the retaliation claim.
 
 
 5
 Plaintiff also alleges that the district court abused its discretion by limiting plaintiff's rights to petition the courts. It is unclear in this record which order of the district court this allegation refers to, but in any case it appears from appellant's brief that the issue raised on appeal is whether the district court abused its discretion in limiting the allegations against these defendants to plaintiff's claim of retaliation. To the extent that the district court made this finding, we agree that those are the only allegations on appeal that relate to these defendants.
 
 
 6
 In this appeal, the plaintiff particularly alleges that the district court erred in dismissing the claims regarding meaningful legal access and adequate law library and paper supplies related to his efforts to file a habeas corpus action. Plaintiff has made no allegations showing that these defendants were personally involved in any of the allegations relating to prison treatment in Nevada, particularly with respect to the alleged deprivations of meaningful access to legal materials and paper supplies. The district court was therefore correct in its determination that the complaints should be dismissed against these defendants with respect to all claims involving treatment in the Nevada prisons. While sending state officials may be responsible for guaranteeing access to the sentencing state's law books when inmates are transferred out of state, the allegations of the complaint must show directly that the individuals named were responsible for granting access to New Mexico law books for inmates incarcerated in other states. No such showing has been made here. We therefore affirm the order of the district court dismissing plaintiff's complaint under 28 U.S.C.1915(d).
 
 
 7
 All outstanding motions are denied.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470